# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GABRIELA REYES, | Case No. CV 14-04740 (SH) |
|     Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
|     Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits and Supplemental Social Security Income. Pursuant to 28 U.S.C. § 636, the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief In Support of Complaint for Review of Social

Security Decision; Defendant's Brief in Support of Defendant's Answer; Plaintiff's Reply Brief); and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## I. BACKGROUND

On October 25, 2011, plaintiff Gabriela Reyes filed an application for a period of disability and Disability Insurance Benefits. On the same date, plaintiff filed an application for Supplemental Social Security Income. Both applications alleged an inability to work since June 3, 2011. (See Administrative Record ["AR"] 180-94). On February 12, 2013 (following a hearing on January 17, 2013, see AR 60-76), an Administrative Law Judge ("ALJ") issued a decision. The ALJ determined that the plaintiff had severe impairments -- "hallux valgus deformity; plantar fascitis, calcaneal spur and hammertoe; status post bunionectomy and hammertoe surgery on June 6, 2011; stable chronic kidney disease; hypertensive nephropathy; and obesity" -- but found that plaintiff was not disabled within the meaning of the Social Security Act. (See AR 37-46).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (see AR 4-6), plaintiff filed this action in this Court.

Plaintiff makes three challenges to the ALJ's Decision. Plaintiff alleges the ALJ erred in (1) failing to properly assess plaintiff's residual functional capacity; (2) failing to properly assess plaintiff's credibility and plaintiff's daughter's credibility; and (3) failing to account fo plaintiff's diagnosis of fibromyalgia.

For the reasons discussed below, the Court concludes that plaintiff's first claim of error has merit. Since the Court is remanding the matter based on plaintiff's first claim of error, the Court will not address plaintiff's second and third claims of error.

## II. DISCUSSION

**ISSUE NO. 1:**

Plaintiff contends that the ALJ erred in assessing plaintiff's residual functional capacity ("RFC"),[1] by discrediting plaintiff's need for a cane. Defendant asserts that the ALJ properly determined plaintiff's RFC.

In a Form entitled "Function Report – Adult" dated December 27, 2011, plaintiff stated that she constantly used a cane for support, and that the cane was prescribed by a doctor. (See AR 254-61).

In a Form entitled "Function Report – Adult – Third Party" dated December 27, 2011, plaintiff's daughter stated that plaintiff needed the use of a cane, and that the cane was prescribed by a doctor in January 2011.

At the administrative hearing, the ALJ asked plaintiff where she got the cane she brought to the hearing. Plaintiff replied, "My doctor prescribed this because of problems that I have in one foot, my knees, and my back." The ALJ asked whether there was a prescription for the cane in plaintiff's file. Without letting plaintiff's counsel respond, the ALJ stated, "There's a mention, there's an observation that she's using a cane, but that's not a prescription for a cane." (See AR 66).

Soon thereafter, when responding to a question by the ALJ about plaintiff's weight, plaintiff's counsel noted that one medical record (Exhibit 1F) stated plaintiff's continual use of a cane with her left arm. (See AR 69).

Soon thereafter, at the conclusion of plaintiff's testimony, plaintiff's counsel stated that another medical record (Exhibit 14 F) mentioned plaintiff's "cane for ambulation." The ALJ stated he was "looking for a prescription, not a description." (See AR 70).

Olga Alarid, M.D., of Health Care Partners Medical Group, examined plaintiff on October 20, 2011. In the report, Dr. Alarid stated that "[p]laintiff walks using a cane."

---

[1] A Residual Functional Capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

3

Under the "Plan" section of the report, Dr. Alarid stated, "Use knee braces, continuously use cane left arm." (See AR 287-88).

In a "Medical Source Statement (Physical)" dated September 26, 2012, Dr. Alarid opined that plaintiff needs a medically required hand held assistive device, specifically, a cane. (See AR 638).

When discussing the hearing testimony, the ALJ wrote, "At the hearing, the claimant testified that a doctor prescribed her cane because of the problems she has in one foot, her knees, and back (note: the claimant's representative was unable to produce a prescription for the cane)." (AR 41).

The ALJ afforded little evidentiary weight to Dr. Alarid's testimony, stating that her "report primarily summarizes the claimant's subjective complaints and diagnoses but does not present objective clinical or laboratory diagnostic findings that support its conclusions." (See AR 45).

The ALJ discredited plaintiff's daughter's testimony, stating, in part: "Her representations as to the claimant's activities and functional limitations are similar to those described the claimant and are found credible insofar as the claimant's allegations have been found credible as explained above." (See AR 45).

Based on his review of plaintiff's testimony, the entire medical record, including the records of Dr. Alarid (plaintiff's treating physician) and of Dr. Seung Ha Lim (a consultative examiner), and plaintiff's daughter's testimony, the ALJ found that plaintiff had the RFC to perform light work,[2] except with the capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, and to sit, stand and/or walk 6 hours in an 8-hour workday. (See AR 40-45).

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

To the extent the ALJ did not include the use of a cane in his determination of plaintiff's RFC based on his rejection of plaintiff's, Dr. Alarid's, and/or plaintiff's sister's testimony about plaintiff's need for a cane due to plaintiff's lack of a prescription for a cane, the Court finds that the ALJ erred. See Saunders v. Astrue, 433 Fed.Appx. 531, 534 (9th Cir. 2011)("Whether prescribed by a doctor or not, [claimant] did suffer from a 'serious' impairment, and his use of these devices [brace and cane] is not clear and convincing evidence to find him not credible.").

Contrary to respondent's contention, Dr. Alarid's "plan" in her October 20, 2011 report that plaintiff "continuously use cane left arm," was a prescription for plaintiff to use a cane, as opposed to merely a description of plaintiff's use of a cane, and was based on Dr. Alarid's findings during her examination of plaintiff.

Moreover, there was additional evidence in the record showing that plaintiff used a cane for ambulation, including the October 26, 2011 field officer's statement that plaintiff "walks with the assistance of a cane" (see AR 225-27), Dr. Alarid's December 17, 2012 statement in a report that plaintiff "ambulates with a cane" (see AR 630-34), and Dr. Alarid's December 21, 2012 statement in support of plaintiff's Disabled TAP Identification Card Application that plaintiff has "severe and chronic low back pain [and] ambulates with a cane" (see AR 450-53).

The ALJ erred in failing to include plaintiff's use of a cane in plaintiff's RFC based on the lack of a "prescription." The Court is unable to find that the ALJ's error was harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008)(stating that an ALJ's error is harmless "when it is clear from the record . . . that it was 'inconsequential to the ultimate nondisability determination.'"); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)("A decision of the ALJ will not be reversed for errors that are harmless.").

### III. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g). At the hearing, the ALJ is not precluded from asking questions to plaintiff, plaintiff's daughter, or Dr. Alarid about the extent of plaintiff's use of a cane. Further, the hypothetical questions to the vocational expert should reflect plaintiff's limitation about her need for a cane to ambulate. See Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012)("Because the overall record shows these additional assumptions should been incorporated into the ALJ's hypothetical, remand is appropriate."); Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . .").

DATED: January 14, 2015

/s/ Stephen J. Hillman

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE